IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| SUAREZ GERSON, | : | CIV. NO. 22-7347 (RMB) |
| | : | |
| Petitioner | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| WARDEN FCI FORT DIX, | : | |
| | : | |
| | : | |
| Respondent | : | |

**IT APPEARING THAT:**

1. On or about December 16, 2022, Petitioner Suarez Gerson, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging the Bureau of Prisons ("BOP") unlawfully found him ineligible for application of First Step Act ("FSA") Time Credits "because an inmate who is subject to a final order of removal … may not have FSA Time Credits applied." (Docket No. 1-1 at 6, ¶ 8.)

2. Respondent was granted several extensions of time to answer the petition. On February 22, 2023, Respondent submitted a letter brief in lieu of an answer, arguing that the habeas petition is now moot because the BOP revised Program Statement 5410.01 to remove reference to immigration detainers rendering inmates ineligible to apply FSA Time Credits. (Declaration of Christina Clark (("Clark Decl."), Docket No. 6-1.) Therefore, BOP applied 365 days of FSA Time Credits, the maximum allowable under 18 U.S.C. §3624(g)(3), toward Petitioner's release date. (Clerk Decl. ¶ 5, Docket No. 6-1 at 8.) Respondent contends the habeas

petition is moot because the case no longer presents a live case or controversy. (Docket No. 6 at 2.) Respondent further argues Petitioner failed to exhaust his administrative remedies. *Id.*

3. On March 29, 2023, Petitioner submitted a rebuttal to Respondent's letter brief, arguing that his habeas petition is not moot because he presented an issue of statutory interpretation[1] that affects the rights of others, and the BOP's revision to Program Statement 5410.01 did not resolve the statutory interpretation . (Docket No. 7.)

4. This Court directed Respondent to file a response to Petitioner's rebuttal. (Docket No. 8.) Respondent argues, in his supplemental brief, that the petition is moot because Petitioner received his earned FSA Time Credits, the only habeas relief available. (Docket No. 9.) Further, Respondent submits that the situation of another inmate is distinguishable and not relevant. Finally, Respondent contends Petitioner is not entitled to an advisory opinion on statutory interpretation.

5. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996).

---

[1] Petitioner submits that under the plain language of 18 U.S.C. § 3632(e), an inmate is ineligible for application of FSA Time Credits "if the prisoner is the subject of a final order of removal under any provision of the immigration laws." (Docket No. 1-1 at 8.) The warden advised Petitioner that he was not eligible for application of Time Credits because he was "subject *to* a final order of removal[,]" which, unlike prisoners who are the subject *of* a final order of removal, was interpreted to include nonfinal orders of removal. (*Id.* at 11.)

6. "The capable of repetition yet evading review exception to the mootness doctrine is narrow…." *Cnty. of Butler v. Governor of Pennsylvania*, 8 F.4th 226, 231 (3d Cir. 2021), *cert. denied sub nom. Butler Cnty., Pennsylvania v. Wolf*, 142 S. Ct. 772 (2022)). It applies only where "'(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Id.* (quoting *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017)). "There must be more than a theoretical possibility of the action occurring *against the complaining party again*; it must be a reasonable expectation or a demonstrated probability." *Id.* (citing *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (emphasis added)).

7. BOP has applied the maximum FSA Time Credits available towards Petitioner's supervised release. 18 U.S.C. § 3624(g)(3).[2] Therefore, there is no expectation that Petitioner will be subject to the same action by the BOP. Petitioner has received the habeas relief he requested, and he has not presented a situation that is "capable of repetition yet evading review" as to him. Therefore, the petition is moot, and the Court will dismiss this matter.

---

[2] 18 U.S.C. § 3624(g)(3) provides:

> Supervised release.--If the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632.

An accompanying Order follows.

DATE:  **April 26, 2023**

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge